### ERLANGER v. SPRUNG.

(Supreme Court, Appellate Term. November 24, 1908.)

1. TROVER AND CONVERSION (§ 16*)—ACTIONS—TITLE AND POSSESSION.
    To maintain an action for conversion, plaintiff must prove ownership
    or the right to possession of the article claimed to have been converted.
        [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§
    119–121; Dec. Dig. § 16.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TROVER AND CONVERSION (§ 40\*) — ACTIONS — EVIDENCE — OWNERSHIP AND
   RIGHT OF POSSESSION.
      Evidence in an action for conversion *held* to show neither plaintiff's
   ownership nor right of possession of the property claimed to have been
   converted.
      [Ed. Note.—For cases, see Trover and Conversion, Cent. Dig. § 234;
   Dec. Dig. § 40.\*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Samuel Erlanger against Sol. Sprung. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., MacLEAN and SEABURY, JJ.

Abraham Oberstein, for appellant.

Hastings & Gleason (Charles M. MacLaren, of counsel), for respondent.

PER CURIAM. The plaintiff sued the defendant and obtained a judgment against him for the alleged conversion of a black pearl which the defendant purchased of one Lang, who had obtained the same from the plaintiff. To maintain conversion, the plaintiff must prove ownership, or the right to the possession of the article claimed to have been converted. Concededly in this case the plaintiff delivered the pearl to Lang, and gave him authority to sell the same, thus investing him with the appearance of absolute ownership. The record is barren of any testimony tending to show that the plaintiff did not part with the title to the pearl when he delivered it to Lang. The plaintiff himself gives no testimony upon that question. It is true, he says, that, when he demanded the return of the pearl of the defendant, he told the defendant that "it was my property," but that statement does not prove title or ownership in the plaintiff; it being merely the assertion of a claim. Lang says that, when he got the pearl from the plaintiff, the plaintiff gave him a bill or memorandum slip. That bill or memorandum was not produced, nor its contents given, and whether it was a bill of sale of the pearl, or what it was does not appear, and Lang also testified that, when he offered the pearl for sale, he made a price "in excess of what I was to pay Erlanger for them." This testimony would seem to indicate a purchase by him of the pearl in question. The plaintiff having failed to prove either ownership or right of possession in himself to the property claimed to have been converted, there must be a new trial.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes